UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**SHAWN LITTLE**,
    Plaintiff,

v.                                                                          6:25-cv-213-NPM

**COMMISSIONER OF SOCIAL SECURITY**,
    Defendant.

## ORDER GRANTING FEES

On August 25, 2025, we granted an unopposed motion to remand and reversed the decision of the Commissioner. (Doc. 15). Final judgment was entered on August 26, 2025. (Doc. 16). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), plaintiff Shawn Little requests a fee award of $9,250. (Doc. 17 at 1).

Satisfaction of five conditions warrants an EAJA award: (1) plaintiff must file a timely application for attorney's fees; (2) plaintiff's net worth must have been less than $2 million dollars at the time the complaint was filed; (3) plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Upon consideration and with no

opposition by the Commissioner on eligibility grounds, all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *See Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The product of the lodestar carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992).

Hourly rates under EAJA are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the court determines an increase in the cost of living, or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Courts first determine the prevailing market rate; then, if the prevailing rate exceeds $125.00, they determine whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Little's attorney requests $250.00 an hour for 37.0 hours of work completed. (Doc. 17 at 2-3). This reflects a reasonable number of hours at a reasonable hourly rate.

Accordingly, the unopposed motion for EAJA fees (Doc. 17) is **GRANTED**, and the clerk is directed to amend the judgment to include an award to Little of **$9,250**.

**ORDERED** on August 29, 2025

_____
NICHOLAS P. MIZELL
United States Magistrate Judge